UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LAJAI JAMAR PRIDGETTE,<br><br>    Defendant. | Case No. 1:13-cr-00281-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Lajai Pridgette's Motion for Reconsideration. Dkt. 159. The Government has opposed the Motion. Dkt. 163. Pridgette did not file a reply.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES Pridgette's Motion.

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

On December 10, 2013, a federal grand jury indicted Pridgette for illegally possessing a firearm and possessing items used to create counterfeit credit cards. Dkt. 1. Ultimately, Pridgette was sentenced to 120-months imprisonment to be followed by a term of three years on supervised release. Dkt. 122. Pridgette served his sentence and was released in March of 2023.

On June 8, 2023, United States Probation filed a Petition on Supervised Release, alleging Pridgette had violated the terms and conditions of his release. Dkt. 139. The Court issued an arrest warrant the same day. Dkt. 140. After revocation proceedings on September 13, 2023, the Court sentenced Pridgette to thirteen months of incarceration for his violations. Dkt. 158.

On September 21, 2023, Pridgette filed a pro se Motion for Reconsideration. Dkt. 159. The Government opposed the Motion, and the matter is ripe for adjudication.

## III. DISCUSSION

### A. Legal Standard

Pridgette does not state a standard for his present motion.

Nevertheless, a district court may, within its discretion, exercise its inherent power to grant a motion to reconsider in a criminal case. *See United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013). Many courts have looked to analogous civil rules when invoking their authority to rule on a motion to reconsider in the criminal context. *Cf. United States v. Ramos-Urias*, 2019 WL 1567526, at *1 (N.D. Cal. Apr. 8, 2019) ("In the context of criminal cases, motions to reconsider are governed by the rules that govern equivalent

motions in civil proceedings." (cleaned up). "In assessing motions for reconsideration in criminal cases, some courts have relied on the standard that governs motions for reconsideration under Federal Rule of Civil Procedure 59." *United States v. Vasquez*, 2014 WL 2548638, at *1 (E.D. Cal. June 5, 2014). The Court will, likewise, utilize Rule 59 for guidance in this situation.

Federal Rule of Civil Procedure 59(e) "permits a district court to reconsider and amend a previous order," but the Ninth Circuit instructs that the Rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Under Rule 59(e) "there are four limited grounds upon which" a district court may grant a motion for reconsideration: "(1) the motion is necessary to correct manifest errors of fact or law; (2) the moving party presents newly discovered evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) there is an intervening change in the law." *Coffelt v. Yordy*, 2016 WL 9724059, at *1 (D. Idaho Nov. 30, 2016) (citing *Turner v. Burlington N. Sante Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)). "[M]otions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier." *America Rivers v. NOAA Fisheries*, 2006 WL 1983178, at *2 (D. Or. 2006) (cleaned up).

Again, Pridgette does not clearly enunciate which of the limited grounds he relies upon in bringing his present motion. He simply argues that he is not a violent offender, and the Court should have imposed a low-end guideline sentence of seven months instead of a

high-end guideline sentence of thirteen months in this case.

### B. Analysis

To begin, Pridgette's motion is procedurally improper as he is represented by Counsel. "It is not appropriate for a prisoner to file motions pro se when he is represented by counsel." *U.S. v. Olano*, 62 F.3d 1180, 1193 (9th Cir. 1995); *see also Byerly v. Idaho Board of Corrections*, 2019 WL 3848783 *4 (D. Idaho 2019) ("An accused has the right to represent himself or herself pro se or to be represented by an attorney, but he does not have an absolute right to elect to be represented by counsel and also to represent himself or serve as his own co-counsel." (cleaned up)). Because Pridgette is represented by Counsel, the Court will summarily deny his pro se motion.

That said, even were the Court to reach the merits of Pridgette's arguments, it would not reconsider the sentence imposed. Pridgette's brief is short and vague, but it appears he is arguing the Court should not have used a based offense level of 20—which is used when a defendant has sustained a felony conviction of a crime of violence—in calculating his guideline range because his prior crimes were not violent. Pridgette argues he is not a violent criminal and shouldn't be punished under such high standards. Pridgette is correct that his recent *federal* convictions are non-violent possession offenses, but he does have a prior conviction from California that clearly qualifies as a crime of violence. That prior crime is what appropriately rendered a base offense level of 20 in this case.

Pridgette was convicted on September 11, 2006, of Assault with a Deadly Weapon Involving Great Bodily Injury, a violation of California Penal Code Section 245(a), in the Superior Court, Alameda County, California, under docket number 153302. The Ninth

MEMORANDUM DECISION AND ORDER - 4

Circuit has long held that California Penal Code Section 245(a) is a crime of violence. *United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009) ("[S]ection 245(a)(1) is categorically a crime of violence"); *Ramirez v. Lynch*, 628 F. App'x 506 (9th Cir. 2016) ("We have expressly held that assault with a deadly weapon in violation of California Penal Code § 245(a)(1) is categorically a crime of violence."); *United States v. Jimenez-Arzate*, 781 F.3d 1062, 1065 (9th Cir. 2015) ("[A] conviction under § 245(a)(1) is categorically a crime of violence."); *United States v. Munoz*, 613 F. App'x 669, 670 (9th Cir. 2015) ("Munoz's argument is foreclosed" because "assault with a deadly weapon, in violation of California Penal Code § 245(a)(1), is categorically a crime of violence") (cleaned up). In short, Pridgette was convicted of a crime of violence. Probation's use—and by extension, the Court's use—of a base offense level of 20 was thus, appropriate.

Finally, as the Government points out, as a practical matter, Pridgette's request for a seven-month sentence could actually backfire. At the very least, he would likely not receive as large a reduction as he anticipates. Any sentence exceeding one year allows a defendant to receive "good-time credit."[2] This can be up to 54 days each year. What's more, under the First Step Act of 2018, defendants can obtain additional good-time credit for participating in rehabilitation programs. Thus, it is *possible* that Pridgette could receive credit up to and including an amount of time that would render his thirteen-month sentence closer to the seven months he is requesting. Those options, however, would not be possible

---

[2] *See generally* Federal Sentencing: The Basics, United States Sentencing Commission, 2020, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2020/202009_fed-sentencing-basics.pdf , last visited 11/9/2023.

MEMORANDUM DECISION AND ORDER - 5

had the Court imposed a seven-month sentence.

## IV. CONCLUSION

Pridgette's Motion must be denied because he cannot file motions pro se while he is simultaneously represented by counsel. Additionally, his motion lacks merit because his prior crime in California clearly qualifies as a crime of violence. His motion is denied.

## V. ORDER

It is HEREBY ORDERED that:

1. Pridgette's Motion for Reconsideration (Dkt. 159) is DENIED.

DATED: November 13, 2023

_____
David C. Nye
Chief U.S. District Court Judge